# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TERI JO SHIRK,

    Plaintiff,

                                                         Case No. 1:17-cv-00160
                                                         Dlott, J.; Litkovitz, M.J.

vs.

INTERNAL REVENUE SERVICE,

    Defendant.

## ORDER SETTING SETTLEMENT CONFERENCE

This case is hereby set for settlement conference **on February 15, 2018 at 10:00 AM,** at the Potter Stewart U.S. Courthouse, 100 E. 5th Street, Room 706, Cincinnati, Ohio.  The undersigned U.S. Magistrate Judge will serve as the facilitator of the settlement conference.  **After a good faith assessment of the value of the case, Plaintiff shall submit a demand to defendant by January 5, 2018.   Defendant, after the same good faith assessment, must then respond with an offer by January 22, 2018.**  The parties should thereafter engage in continued settlement discussions in an attempt to resolve the matter prior to the settlement conference.

Not later than **noon, on February 5, 2018**, each party shall submit to the Magistrate Judge only, and without formal filing with the Clerk, a confidential letter of five pages or less regarding potential settlement, including a statement of the strengths and weaknesses of the case, an assessment of liability and damages, a summary of the settlement negotiations, and a proposal as to how to settle this case now.   These letters will be maintained by the Court separate and apart from the case file, and may be

delivered by fax (513-564-7681) or email bowman_chambers@ohsd.uscourts.gov). Upon review of the submissions, the Court may schedule a telephone conference in advance of the settlement date.

Throughout the entirety of this settlement conference, party representatives with complete authority to negotiate a settlement of the case shall be present. **Complete authority is defined by the undersigned as an individual or representative who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the conference. To be clear, someone who comes to a conference "with a cap" or who has to "make a phone call" to obtain additional authority or approval is NOT someone with complete authority.[1] Sanctions may be ordered for violations of this rule.**

Pursuant to S. D. Ohio Civ. R. 16.3(c), all statements made by the parties relating to the substance or merits of claims or defenses made in the case, whether written or oral, made for the first time during the settlement conference or in the settlement conference statements required above shall be kept confidential by the Court, the parties, and counsel and shall not be admissible in evidence for any reason during the trial of this case.

**IT IS SO ORDERED.**

s/ *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

1 If counsel believes that his or her case presents exceptional circumstances which would justify a variance from this rule, counsel may request a waiver from this requirement by contacting the chambers of the undersigned, but only after consultation with opposing counsel. Such request for a waiver shall be made no later than the deadline for parties to submit their position statements.